**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAYMOND CARTER,**

           **Plaintiff,**

**-vs-**                                                                     **Case No. 6:08-cv-48-Orl-31KRS**

**SECRETARY, DEPARTMENT OF**
**HOMELAND SECURITY,**

           **Defendant.**

_____

**ORDER**

This matter comes before Court on the Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue (Doc. 6) filed by the Defendant, Michael Chertoff, Secretary, Department of Homeland Security ("DHS"). The motion was filed on March 26, 2008, and the deadline for a response has passed with no action by the Plaintiff, Raymond Carter ("Carter"). In his Complaint, Carter – proceeding *pro se* – contends that he suffered discrimination and retaliation in violation of the ADA while working as a screener for DHS in New Orleans and Baton Rouge, Louisiana. (Doc. 1 at 1-4). A review of the Complaint shows no link between its allegations and the Middle District of Florida, aside from Carter apparently having relocated here some time after his termination.

The plaintiff has the burden of showing that venue in the forum is proper. *See Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990). Under Title VII, the appropriate venue for Title VII claims is:

>any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions; the more general provisions of 28 U.S.C. § 1391 are not controlling in such cases.  *Pinson v. Rumsfeld*, 192 Fed.Appx. 811, 817 (11th Cir. 2006) (*per curiam*).

   The Court finds that venue is not proper in this district.  Where a plaintiff files a case in the wrong venue, the court shall dismiss, or if it is in the interest of justice, transfer the case to any district in which it could have been brought.  *See* 28 U.S.C. § 1406(a).  The decision whether to transfer a case is left to the sound discretion of the district court.  *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 433, 434 (11th Cir. 1983) (*per curiam*).  As Carter has not responded to the motion, the Court sees no way in which the interests of justice require a transfer.  Accordingly, it is hereby

Case 6:08-cv-00048-GAP-KRS   Document 10   Filed 04/18/08   Page 3 of 3 PageID 100

**ORDERED** that the Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue (Doc. 6) is **GRANTED IN PART**, and this case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to refile this case in the proper district. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 18, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party